```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   EL DORADO DIVISION
```

**ANGEL ENRIQUE RAMOS-MADRIGAL, et al.,**                           **PLAINTIFF**

v.                      Case No: 10-1078

**MENDIOLA FORESTRY SERVICE, LLC and**
**PERFECTO MENDIOLA,**                                              **DEFENDANTS**

<u>**ORDER**</u>

Currently before the Court are Defendants Mendiola Forestry Service, LLC and Perfecto Mendiola's Motion to Dismiss the Third Cause of Action of Plaintiffs' Amended Complaint (Doc. 12), Plaintiffs' Response in Opposition (Doc. 14), and Defendants' Reply (Doc. 16). For the reasons reflected herein, Defendants' Motion to Dismiss (Doc. 12) is **DENIED**.

Defendants request dismissal of Plaintiffs' Third Cause of Action for violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589-1595. Plaintiffs are Mexican migrant workers who were employed by Defendants to perform forestry work in the U.S. in 2008 and 2009. They allege that Defendants knowingly concealed or possessed Plaintiffs' H-2B visa extension documents, and in doing so violated or intended to violate the TVPRA. Defendants assert that Plaintiffs failed to state a claim for violations of the TVPRA because the immigration documents Defendants allegedly concealed or possessed did not

prevent Plaintiffs from leaving employment or returning home; moreover, Defendants claim that they violated no law by informing Plaintiffs that if they left employment, they would be reported to the immigration service.

Section 1592(a) of the TVPRA makes it unlawful to "knowingly...conceal[]...or possess[] any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person." Section 1589(a)(3) provides that an employer who obtains labor or services "by means of the abuse or threatened abuse of law or legal process...shall be punished..." Further, the statute defines "abuse or threatened abuse of law or legal process" as "the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action." 18 U.S.C.A. §1589(c).

In order to state a valid claim for violations of §1589 and §1592 of the TVPRA, Plaintiffs must allege facts showing: (1) Defendants knowingly concealed or possessed Plaintiffs' passports or other immigration documents, and (2) this concealment was an abuse or threatened abuse of law or legal process.

Dismissal is proper if Plaintiffs' Complaint fails to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*.

The factual allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784 (8th Cir. 1979).

Defendants assert that since Plaintiffs were in possession of their passports and original H-2B visa documents, they were free to return to their original petitioning employer or home to Mexico at any time, and the fact that Defendants allegedly possessed or confiscated Plaintiffs' H-2B visa extension documents cannot constitute a violation of the TVPRA. The Court disagrees, for visa extension documents are a type of "immigration document" contemplated in §1592(a). This is because an H-2B worker must be in possession of his visa extension paperwork in order to continue to lawfully work in the U.S. after the approved work period under the original visa has expired. A worker may legally perform migrant farm work, up to a maximum stay of one year per employer and three years total, by traveling from one employer to another using visa extensions. 8 C.F.R. §214.2(c). A worker must be able to present visa extension documents in case of an inspection; otherwise, the worker cannot demonstrate that he is lawfully

3

employed.  See *Changes to Requirements Affecting H-2B Nonimmigrants and Their Employers*, 73 Fed. Reg. 78104 (Dec. 19, 2008)(codified at 8 C.F.R. §214).

Furthermore, Plaintiffs have pled sufficient facts to show that in the course of Defendants' alleged concealment or possession of Plaintiffs' visa extension documents, Defendants abused or threatened to abuse the law or legal process in violation of the TVPRA.  Plaintiffs pled the following in paragraphs 54-55 of their First Amended Complaint (Doc. 11):  "[t]o ensure the Workers did not leave their employment with Defendants, Perfecto Mendiola told the Workers that he had the H-2B extensions but would not provide the H-2B visa extension documents to the Workers until the end of the contract, and he threatened the Workers with serious immigration consequences if they were to leave the work prior to the end of their contract...and would report them to immigration."

Although Defendants respond that they violated no law by merely informing Plaintiffs that they would be reported to immigration if they left their employment before the end of the contract term, the Court is required for the purposes of evaluating a motion to dismiss to accept Plaintiffs' facts as true and view them in a light most favorable to Plaintiffs.  Threatening H-2B workers with serious immigration consequences in order to prevent them from leaving employment constitutes "threatened abuse of the legal process" and states a valid claim pursuant to the TVPRA.  See

4

*Ramos v. Hoyle*, 2008 WL 5381821 at *4 (S.D.Fla. Dec. 19, 2008)(threatening that a worker will lose immigration status if he leaves employment constitutes abuse of the legal process); *U.S. v. Garcia*, 2003 WL 22956917 at *4 (W.D.N.Y. Dec. 2, 2003)(threatening "serious legal consequences, *i.e.*, deportation" constitutes abuse of the legal process).

Accordingly, for the reasons stated above, Defendants' Motion to Dismiss the Third Cause of Action of Plaintiffs' Amended Complaint (Doc. 12) is **DENIED**.

IT IS SO ORDERED this 1st day of July 2011.

                                           */s/ Robert T. Dawson*
                                           Honorable Robert T. Dawson
                                           United States District Judge